**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latrice S. Jackson-Anderson,<br><br>           Plaintiff,<br><br>v.<br><br>City of Peoria, et al.,<br><br>           Defendants. | No. CV-20-00673-PHX-MTL<br><br>**ORDER** |

The Court now rules on the Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). (Doc. 6.) The Motion is granted in part and denied in part.

**I.      FACTUAL BACKGROUND**

This factual summary derives from the well-pled allegations of the Amended Complaint.[1] Plaintiff Latrice S. Jackson-Anderson was employed by the City of Peoria in its Police Department until she was terminated on December 19, 2019. (Am. Compl. ¶¶ 3-4, 70.) Defendant Greg Larson is a Lieutenant with the City of Peoria Police Department and was Ms. Jackson-Anderson's indirect supervisor. (*Id.* ¶ 95.) Defendant Christine Nickel is the Senior Director of Human Resources for the City of Peoria. (*Id.* ¶ 94.)

Ms. Jackson-Anderson suffers from a spinal cord injury and consequently must rely on a wheelchair. (*Id.* ¶¶ 13-14.) Her work area was in the Police Department's South

---

[1] The Amended Complaint ("Am. Compl.") is attached as Exhibit 3 to the Notice of Removal at Doc. 1-1.

Station. (*See id.* ¶ 18.) Ms. Jackson-Anderson asked her workplace safety administrator to relocate her work area to the Department's North Station for several reasons relating to accessibility. For example, she would work on the first floor of the North Station building, as opposed to working on the second floor of the South Station. (*Id.* ¶¶ 32-33.) There was a time when Ms. Jackson-Anderson was unable to leave the second floor of the South Station for six hours while the elevator was out of service. (*Id.* ¶ 35.) At least at the time in which she was employed, there was no fire escape plan for wheelchair-bound employees in the South Station. (*Id.* ¶ 34.) The South Station has inaccessible restrooms and an inaccessible breakroom whereas, in the North Station, these facilities are accessible. (*Id.* ¶¶ 38-43.) Ms. Jackson-Anderson had trouble parking her vehicle in the South Station's parking lot, as it is open to the public. (*Id.* ¶ 44.) The North Station's parking is not and, presumably, has better parking availability. (*Id.* ¶ 45.) Despite these differences, she was not permitted to relocate to the North Station. (*See id.* ¶ 46.)

In November 2018, while at work, Ms. Jackson-Anderson became trapped as a result of her wheelchair's joystick control becoming caught on her work desk. (*Id.* ¶ 15.) The situation caused Ms. Jackson-Anderson to suffer injuries. (*Id.* ¶ 17.) She requested accommodations to her workstation to prevent further injury. (*Id.* ¶¶ 18, 28.) Her request was not fulfilled in a way that met her needs. (*Id.* ¶¶ 27, 29.)

Because her accommodation requests were denied, Ms. Jackson-Anderson's physician ordered a reduction to her work hours to counteract exacerbated medical conditions. (*Id.* ¶ 50.) The Amended Complaint alleges that, in retaliation for her denied requests for accommodations, Lieutenant Larson changed Ms. Jackson-Anderson's work schedule in a way that even worsened her health. (*Id.* at ¶ 54.) Ms. Jackson-Anderson had been permitted to work an early-morning schedule that accommodated her medically. (*Id.* ¶ 51.) In retaliation, the Amended Complaint alleges, Lieutenant Larson moved her start time to later in the morning. (*Id.* ¶¶ 54, 55.)  She took unpaid lead and was later terminated. (*Id.* ¶¶ 61, 70.)

/ / /

## II. PROCEDURAL HISTORY

Ms. Jackson-Anderson obtained a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on December 10, 2019. (Am. Compl. ¶ 86; Doc. 6-1 at Exhibit A.) She filed a complaint in the Arizona Superior Court on February 7, 2020. The Complaint alleged an Americans with Disabilities Act ("ADA") claim for relief against the City of Peoria Police Department. It further alleged a claim under 42 U.S.C. § 1983 against Lieutenant Larson and Ms. Nickel for First Amendment retaliation. (Lieutenant Larson and Ms. Nickel are referred to collectively as the "Individual Defendants.") On March 13, 2020, the Complaint was amended to substitute the City of Peoria for the City of Peoria Police Department. Later, the case was timely removed.

## III. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The Court must accept Plaintiff's material allegations as true and construe them in the light most favorable to Plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581.

### B. The City of Peoria

The Motion seeks the City of Peoria's dismissal for failure to satisfy the 90-day

statute of limitations. (Doc. 6 at 1.) Ms. Jackson-Anderson responds that the case should proceed because her amended complaint relates back to the original filing deadline. (Doc. 11 at 1.) The Court agrees with Ms. Jackson-Anderson.

A plaintiff who, under the ADA, obtains a right-to-sue letter from the EEOC must file suit within 90 days. 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(f)(1)). Ms. Jackson-Anderson's right to sue letter was received on December 10, 2019. The 90-day deadline for filing a lawsuit was March 9, 2020. Her initial Complaint was filed on February 7, 2020. This filing was made within the 90-day period; however, the Complaint named the City of Peoria Police Department as the employer defendant. Perhaps recognizing that the Peoria Police Department is a non-jural entity,[2] the Complaint was amended on March 13, 2020 naming the City of Peoria.

Rule 15(c), Federal Rules of Civil Procedure, guides the analysis on this issue. It provides, in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> …
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The parties do not dispute whether Rules 4(m) and 15(c)(1)(B) have been satisfied.

---

[2] *See Fiori v. Peoria Police Dept.*, No. CV-19-03074-PHX-DJH, 2020 WL 95436, at *2 (D. Ariz. January 8, 2020).

1  The inquiry now turns to whether the City of Peoria "knew or should have known that it
2  would have been named as a defendant but for an error." *Krupski v. Costa Crociere S. p.*
3  *A.*, 560 U.S. 538, 548 (2010). The original complaint named the "City of Peoria Police
4  Department." Plaintiff's attorneys attempted to serve the office of the City Attorney for the
5  City of Peoria. The City Attorney's office justifiably questioned its ability to accept service
6  of process on a non-jural entity. Recognizing that, however, the Court is persuaded that the
7  City of Peoria would have been named in the original complaint but for a mistake as to the
8  identity of the proper defendant. The police department is a sub-entity within the City of
9  Peoria's government structure. Because service was attempted on the City Attorney, the
10 City of Peoria knows, or, at the very least, should know, "that it would have been named
11 as a defendant but for the error." *Id*. The Motion is denied with respect to the City of Peoria.

### C.  The Individual Defendants

The Individual Defendants move to dismiss the § 1983 retaliation claim for two reasons. First, they argue that the factual basis of Plaintiff's ADA claim cannot double as a basis for a § 1983 claim. Second, the Individual Defendants contend that they have qualified immunity.

It is well known that § 1983 does not in and of itself establish federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 is, instead, the remedy by which persons may enforce their federal constitutional and statutory rights. Not all rights are subject to § 1983. "An alleged violation of federal law may not be vindicated under § 1983, however, where (1) the statute does not create an enforceable right, privilege, or immunity, or (2) Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002) (quoting *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995)) (internal quotation marks omitted). The Ninth Circuit has held that the ADA's own comprehensive remedial scheme displaces the § 1983 remedy. *Id.* at 1156.

The Response brief (Doc. 11) does not argue otherwise. The Individual Defendants appropriately point out that Ms. Jackson-Anderson's failure to contest this argument may

constitute her acquiescence to it. *See* LRCiv 7.2(i). While that may be the case, the Court agrees with the merits of the Motion. The factual basis of Ms. Jackson-Anderson's § 1983 claim is the same as her cause of action under the ADA. She is, therefore, limited to her ADA remedy against the City of Peoria as a matter of law.

The Individual Defendants are dismissed. Because the Court dismisses the Individual Defendants on the first issue presented in the Motion, it need not resolve the second issue concerning qualified immunity.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** denying the Motion to Dismiss (part of Doc. 6) with respect to Count One of the Amended Complaint (ADA violations against the City of Peoria).

**IT IS FURTHER ORDERED** granting the Motion to Dismiss (part of Doc. 6) with respect to Count Two of the Amended Complaint (First Amendment Violations (§1983) against Christine Nickel and Greg Larson).

**IT IS FINALLY ORDERED** denying oral argument in this case.[3]

Dated this 10th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[3] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).